979 F.2d 853
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Josef BLECHNER, Defendant-Appellant.
 No. 92-1516.
 United States Court of Appeals, Seventh Circuit.
 Argued Nov. 4, 1992.
Decided Nov. 19, 1992.
Rehearing Denied Jan 4, 1993.
 
 1
 Before COFFEY and EASTERBROOK, Circuit Judges, and ALBERT J. ENGEL, Senior Circuit Judge*.
 
 Order
 
 2
 Convicted of tax evasion, Josef Blechner raises a welter of objections on appeal. All concern discretionary decisions by the district court--for example, to allow the prosecutor to use a chart containing drawings of a pineapple and cactus, and to reject one of defendant's proposed instructions as too argumentative. We discuss two of these and let the rest pass. But the cast of mind that inspires defendant's approach was illustrated at oral argument when Blechner's lawyer insisted that, in conducting the trial, district judges owe deference to the requests of defense counsel. We remind counsel that appellate tribunals defer to district judges' decisions, and that neither trial nor appellate judges defer to the wishes of the lawyers for either side.
 
 
 3
 1. Defendant's lead issue is the chart. The prosecutor charged Blechner with not reporting funds received from a corporation through a series of self-dealing transactions. During opening argument the prosecutor used a chart to illustrate the sources and uses of the funds. Blechner does not contend that the chart was inaccurate; indeed he concedes that he received the funds and put them to the uses depicted. His defense was that he believed that his accountant had reported all taxable income. Thus his objection to the pictures on the chart--a pineapple next to the text describing money used to take a trip to Hawaii, gold coins next to the text describing a purchase of gold coins, a cactus next to the text describing the purchase of a condominium in Arizona, and so on--concerns presentation rather than substance. And matters of presentation are committed to the discretion of district judges. E.g., United States v. Howard, 774 F.2d 838, 844 & n. 4 (7th Cir.1985). That discretion was not abused here.
 
 
 4
 2. Blechner wanted to tender the theory that he received the money in repayment of a loan made to IPM Precision Machine Company. Blechner was founder and sole shareholder of IPM. Much of the money Blechner omitted from his tax returns was derived from transactions in which Blechner received cash from Diedesheim Machine Tools, Inc. (an unrelated corporation of which Blechner was president), and IPM issued invoices to Diedesheim for goods sold. (All but one of these invoices were false; IPM delivered nothing.) Blechner sought to recharacterize these transactions as money paid by Diedesheim to IPM (not taxable to Blechner) and then by IPM to Blechner to reduce the balance of a loan (again not taxable to Blechner).
 
 
 5
 To make such a defense colorable, Blechner had to show that IPM owed him money. He offered evidence that in late 1985 he put a parcel of real estate in escrow, and that on closing in 1986 the funds from the sale were paid to IPM, producing a debt to Blechner. The district court excluded this evidence as irrelevant. So it was. The monies that Blechner omitted from his tax returns were received no later than August 1985. Cash cannot be the repayment of a loan, when at the time of its receipt there was no debt! On Blechner's approach, an employee of Exxon who receives a salary of $100,000 during the year and on December 31 buys a $100,000 bond issued by Exxon has no taxable income for that year: the salary is just "repayment" of the debt. Not so. The debt must precede its repayment, and the payment excluded from income must be on account of (that is, must reduce) the indebtedness.
 
 
 6
 Blechner's brief contains no authority for the proposition that "repayment" received before the debt comes into being may be excluded from income. When asked at oral argument for such authority, counsel said that the court should consult the case of Helvering v. Commissioner. When reminded that Helvering was the Commissioner of Internal Revenue, so that there is no such case, counsel directed us to "s 61 and the sixteenth amendment." The broad definition of income in 26 U.S.C. § 61 is no help--Blechner needs an exclusion, not an inclusion. Needless to say, the part of the Constitution authorizing Congress to impose an income tax without apportionment among the states is no help either. Bluster never assists counsel in an oral argument. Instead it implies that the defense strategy was to befuddle judges and jurors alike. The district judge deserves commendation for thwarting the effort.
 
 
 7
 None of Blechner's other arguments requires comment.
 
 
 8
 AFFIRMED.
 
 
 
 *
 Of the Sixth Circuit, sitting by designation